UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOEL D. LUCOFF,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, and
STUDENT ASSISTANCE CORPORATION

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). *Mims v. ArrowFin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012).

## PARTIES

3. Plaintiff, JOEL D. LUCOFF, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NAVIENT SOLUTIONS, LLC, ("Navient") is a limited liability company formed under the laws of the State of Delaware and citizen of the State

of Delaware with its principal place of business at 2001 Edmond Halley Drive, Reston, Virginia 20191.

5. Navient is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is the Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

6. Navient is a successor to Navient Solutions, Inc.

7. Navient was formerly known as Sallie Mae, Inc.

8. Defendant, STUDENT ASSISTANCE CORPORATION, ("Student Assistance") is a corporation formed under the laws of the State of Delaware and citizen of the State of Delaware.

9. Student Assistance is registered with the Delaware Division of Corporations as a domestic corporation. Its registered agent for service of process is the Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## FACTUAL ALLEGATIONS

10. Defendants, or others acting on their behalf, left hundreds of pre-recorded telephone messages on Plaintiff's cellular telephone and called and hung-up with out leaving messages on other occasions, ("the telephone messages").

11. Plaintiff believes Defendants were calling him in an effort to collect or service a student loan.

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendants, or others acting on their behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

14. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

15. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendants, or others acting on their behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a. Damages;

      b. a declaration that Defendants calls violate the TCPA;

      c. a permanent injunction prohibiting Defendants from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

3

    d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                don@donyarbrough.com


            By: s/ Donald A. Yarbrough
                Donald A. Yarbrough, Esq.
                Florida Bar No. 0158658