UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JOEL D. LUCOFF,

       Plaintiff,

vs.

Case No. 1128-CV-60743- Gayles/Seltzer

NAVIENT SOLUTIONS, LLC and
STUDENT ASSISTANCE
CORPORATION,

       Defendants.

_____/

## DEFENDANTS' RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, NAVIENT SOLUTIONS, LLC ("NSL") and STUDENT ASSISTANCE CORPORATION ("SAC"), by and through undersigned counsel, respectfully submit this Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1:

**A.   The Defendants**

1.   NSL is engaged in the business of servicing student loans. (Exhibit "1," Affidavit of Sheryl Highfield at ¶4). Some of these loans, as is the case with Plaintiff, are loans made pursuant to the Federal Family Education Loan ("FFELP") Program. Ex."1," Highfield Aff. at ¶5.

2.   The FFELP Program was a system of private student loans which were subsidized and guaranteed by private guaranty agencies, as fiduciaries for, and on behalf of the United States Department of Education ("ED"). Ex."1," Highfield Aff. at ¶6.

3.   The servicing of loans owed to or guaranteed by ED is governed by federal regulation promulgated under the Higher Education Act. *See* 34 C.F.R. §§ 682.400-682.423. As

relevant here, when federal student loans are delinquent, NSL is required to contact the borrowers. *See* 34 C.F.R. § 682.411(c)-(f); Ex."1," Highfield Aff. at ¶7.

4. SAC is not a loan servicer; it is engaged in default aversion assistance for the guarantors of federal student loans made under the FFELP. Exhibit "2," Affidavit of Kevin Campbell, ¶4. Guaranty agencies are state or private nonprofit agencies that administer the federally guaranteed loan program. *See* 34 C.F.R. § 682.400. These agencies insure the funds that lenders provide to students, which are, in turn, reinsured by the federal government. *Id.*

5. At the instruction of guaranty agencies, SAC contacts borrowers to counsel them on repayment options -- by, for instance, offering forbearance plans -- in order to prevent the loans from reaching the stage of delinquency known as default. Ex. "2," Campbell Aff. at ¶5. If a loan goes into default, the guaranty agency purchases the loan from the lender, and if further efforts to resolve the delinquency are successful, is reimbursed by and assigned the defaulted loan to the U.S. Department of Education. *See* 34 C.F.R. § 682.409; Ex. "2," Campbell Aff. at ¶6.

6. Accordingly, SAC's interaction with a borrower occurs before a loan is in default. Ex. "2," Campbell Aff. at ¶7.

7. Once the loan defaults, SAC ceases to contact with the borrower. Ex. "2," Campbell Aff. at ¶10.

8. While NSL and SAC exist for different purposes, they share some technology services, including the system that stores borrowers' consents for receiving autodialed calls. Ex. "2," Campbell Aff. at ¶11.

9. Thus, if a borrower provides consent to be called, both NSL and SAC have access to that information. *Id.*

303193230v1 1008471

**B.    Plaintiff and His Student Loans**

10.    Plaintiff enrolled in the University of Miami School of Law in 1994. Plaintiff's Deposition at 35:9-10.

11.    In order to pay for his law school education, Plaintiff obtained student loans. Plaintiff's Deposition at 35-36.

12.    Plaintiff signed a FFELP Federal Consolidation Loan Application and Promissory Note on August 2, 2006. Ex. 1, Highfield Aff. at ¶8, NSL00001 – NSL00010; Plaintiff's Deposition at 43-44: 7-1.

13.    The FFELP Federal Consolidation Loan Application and Promissory Note provided:

> Governing Law and Notices. The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S. C. 1070, et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

Ex. 1, Highfield Aff. at ¶8; NSL000005.

14.    Plaintiff does not dispute that the student loans he consolidated were all federal student loans. Plaintiff's Deposition at 44:4-6.

**C.    Plaintiff Authorized NSL and SAC to Contact Him on His Cell Phone Number Using an Automatic Dialing Telephone System**

15.    On July 2, 2012, SAC received an Automatic (Electronic) Debit Authorization form by facsimile from Plaintiff, in which he provided the 0907 Number. In addition, the form contained language in which he authorized Sallie Mae, and its agents or assigns, to contact him using an automatic telephone dialing system on the 0907 Number. On July 3, 2012, SAC

forwarded Plaintiff's signed Automatic (Electronic) Debit Authorization form to the servicer of Plaintiff's FFEL Loan, NSL. Ex. "2," Campbell Aff. at ¶13.

16. Plaintiff admits that he signed the Automatic Debit Authorization agreement on July 2, 2012, which provided his cellular telephone number ending in 0907 (the "0907 Number"). Plaintiff's Deposition at 47-49 and Ex. 2.

17. Based on the July 2, 2012 Automatic Debit Authorization agreement, Plaintiff provided express consent to NSL and SAC to call him on the 0907 Number. Plaintiff's Deposition at 68:6-14.

18. In the July 2, 2012 Automatic Debit Authorization agreement, Plaintiff requested forbearance to cover all his past due payments. Plaintiff's Deposition at 47-49 and Ex. 2.

19. On June 24, 2014, at 1:46 p.m. Eastern time, Plaintiff placed a phone call to NSL regarding his consolidated federal student loan. Ex. 1, Highfield Aff. at 12.

20. Within the first minute of the June 24th call, Plaintiff was asked whether Sallie Mae, Navient, and their respective subsidiaries, affiliates and agents could contact Plaintiff's cellular number using an auto-dialer or prerecorded messages and Plaintiff answers "no." Ex. 4, Plaintiff's Deposition at Ex. 6.

21. After answering "no" during the June 24th call, Plaintiff visited NSL's website for purposes of completing an auto debit agreement to make payments towards his student loans. Ex. 4, Plaintiff's Deposition at 78:3-9.

22. In 2014, when NSL representatives (then known as Sallie Mae, Inc.) attempted to access a borrower's account during a telephone call, the representative would sometimes be prompted to ask whether the borrower consented to receive calls using an auto-dialer or pre-recorded messages from NSL, its affiliates, and agents. Ex. 1, Highfield Aff. at ¶14.

23. In this instance, during the call on June 24, 2014, NSL's representative was presented with a "pop up" screen presenting the verbatim language of the consent language to facilitate reading such language to Plaintiff. Thereafter, NSL's representative was required to update the borrower's consent authorization setting in order to bypass the "pop up," and prior to obtaining further access to the borrower's account. Ex. 1, Highfield Aff. at ¶15.

24. On June 24, 2014 at 1:53 p.m. Eastern time, while on NSL's website, Plaintiff submitted his written express authorization to be contacted by NSL, and its respective subsidiaries, affiliates and agents, at the 0907 Number using an automatic telephone dialing system. Plaintiff does not dispute the time he was on the website. Ex. 1, Highfield Aff. at ¶13; Ex. 4, Plaintiff's Deposition at 78:17-23 and Ex. 7.

25. On June 24, 2014, while on NSL's website, Plaintiff saw the 0907 number appear as his cell phone number above the consent language prior to submitting the consent. Ex. 4, Plaintiff's Deposition at 77-78:24-2.

26. On June 24, 2014, Plaintiff submitted the following authorization on NSL's website:

> By providing my telephone number, I authorize SLM Corporation, Sallie Mae Bank, Navient Corporation and Navient Solutions, Inc., and their respective subsidiaries, affiliates and agents, to contact me at such number using any means of communication, including, but not limited to, calls placed to my cellular phone using an automated dialing device, calls using prerecorded messages and/or SMS txt messages, regarding any current or future loans owned or serviced by SLM Corporation, Sallie Mae Bank, Navient Corporation or Navient Solutions, Inc., or their respective subsidiaries, affiliates and agents, even if I will be charged by my service provider(s) for receiving such communications.

Ex. 4, Plaintiff's Deposition at 77-79 and Ex. 1; Highfield Aff. at ¶13.

Case No. 1128-CV-60743- Gayles/Seltzer

27. NSL and SAC have no record of Plaintiff revoking consent to be called at the 0907 Number after the telephone call on June 24, 2014. Ex. 1, Highfield Aff. at ¶16; Ex. 2, Campbell Aff. at ¶13.

28. Thereafter, Plaintiff submitted payments by automatic debit on September 14, 2014, October 14, 2014 and November 14, 2014. According to NSL's business records, each of these payments were returned due to a stop payment issued by Plaintiff's financial institution. Because these payments were returned, Plaintiff's Loan became delinquent as of September 17, 2014, when the September 14, 2014 payment was returned. Ex. 1, Highfield Aff. at ¶17.

29. NSL began attempting to reach Plaintiff to discuss the Loan at the cellular telephone number ending in 0907 during his periods of delinquency. Ex. 1, Highfield Aff. at ¶18.

30. SAC began calling Plaintiff on May 17, 2016, at the request of the guarantor of Plaintiff's FFEL Loan, United Student Aid Funds, Inc., to discuss options to avoid default on Plaintiff's loan. Ex. "2," Campbell Aff. at ¶12.

31. Thereafter, Plaintiff obtained another administrative forbearance, which ended on February 26, 2015, and an unemployment forbearance, which ended on February 26, 2016. During these periods of forbearance, NSL did not attempt to reach Plaintiff to discuss the Loan at the cellular telephone number ending in 0907. Ex. 1, Highfield Aff. at ¶19.

32. After June 24, 2014, Plaintiff did not make any payments on the Loan that were not returned for insufficient funds. Ex. 1, Highfield Aff. at ¶20.

33. The Loan defaulted and was transferred to the guaranty agency, USA Funds, effective April 21, 2017. As of April 21, 2017, the Loan was 402 days delinquent. Ex. 1, Highfield Aff. at ¶21.

6

303193230v1 1008471

34. Plaintiff is a settlement class member, and failed to submit a Revocation Request Form in the class action settlement for the action entitled *Mark A. Arthur, Cirilo Martinez, Pari Najafi, and Heather McCue v. Sallie Mae, Inc*., United States District Court for the Western District of Washington, Case No. C10-0198 JLR (the "Arthur Settlement"). Specifically, as part of the Arthur Settlement, class members, such as Plaintiff, were provided with a Revocation Request Form, which allowed class members to request that they not be contacted on certain telephone numbers with the use of an automated dialing system and/or an artificial or prerecorded voice. Plaintiff, a member of the class, was provided notice of this opportunity, but failed to opt out or submit a completed Revocation Request Form. Exhibit 3, Affidavit of Eric N. Kierkegard, ¶5-6, 8.

35. The possibility of submitting a Revocation Request Form was a form of consideration provided in the Arthur Settlement. The form could be used by Class Members, such as Plaintiff, to request that they not be contacted on certain telephone numbers with the use of an automated dialing system and/or an artificial or prerecorded voice. Ex. 3, Kierkegard Aff. at ¶8.

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Navient Solutions, LLC and Student Assistance Corporation

Case No. 1128-CV-60743- Gayles/Seltzer

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
Attorneys for Plaintiff
don@donyarbrough.com

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Secondary: dconnolly@hinshawlaw.com
Attorneys for Navient Solutions LLC and Student Assistance Corporation