UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-60743-Civ-Gayles/Seltzer

JOEL D. LUCOFF,

     Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, and
STUDENT ASSISTANCE CORPORATION

     Defendants.

_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed R. Civ. P. 56, Plaintiff, JOEL D. LUCOFF, moves this Court for an entry of summary judgment on the basis that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA"), and in support thereof, states as follows:

It is undisputed that Defendant, Student Assistance Corporation ("SAC") placed 1,549 telephone calls to Plaintiff's cellular telephone using a pre-recorded voice or an automatic telephone dialing system. (Plaintiff's Statement of Material Facts ("PSMF") ¶ 1 to 6). Such calls were made without Plaintiff's prior express consent, as he had properly revoked any prior consent in his June 24, 2014 telephone call with Navient Solutions, LLC ("Navient"); his revocation is applicable to both Navient *and* its affiliates. PSMF ¶12 to 23. Student Assistance Corporation ("SAC") is an affiliate of Navient. PSMF ¶19 to 20.

It is undisputed that Defendant, Navient placed 418 telephone calls to Plaintiff's cellular telephone using a pre-recorded voice or an automatic telephone dialing system. PSMF ¶ 7 through 11. Such calls were made without Plaintiff's prior express consent, as he had properly revoked any prior consent in his June 24, 2014 telephone call with Navient *and* its affiliates. PSMF ¶12 to 23.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 6, 2018 (DE 1). Defendants answered on May 14, 2018 (DE 9).

## STATEMENT OF FACTS

Plaintiff's Statement of Material Facts ("PSMF") sets out the undisputed facts of this case and is being filed contemporaneously.

## STATEMENT OF QUESTION PRESENTED

a.      Did Defendant, SAC, place 1,549 calls to Plaintiff's cellular telephone using an automated telephone dialing system or pre-recorded voice without Plaintiff's consent in violation of the TCPA? (Count I, Complaint).

b.      Did Defendant, Navient, place 418 calls to Plaintiff's cellular telephone using an automated telephone dialing system or pre-recorded voice without Plaintiff's consent in violation of the TCPA? (Count I, Complaint).

Plaintiff respectfully suggests that both questions should be answered in the affirmative.

## STANDARD FOR SUMMARY JUDGMENT

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  Substantive law defines which facts are material, and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  *Id.* at 248, 106 S.Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.* Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movants have met their burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the

2

material facts" to prevent its entry.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

## DEFENDANTS' TELEPHONE CALLS VIOLATE THE TCPA

SAC admits that it placed 1,549 telephone calls to Plaintiff's cellular telephone. PSMF ¶3 and 4. It is undisputed that SAC's calls were placed using a pre-recorded voice or an automatic telephone dialing system. PSMF ¶ 5 and 6, as SAC's calls were placed with an automated device without human intervention. PSMF ¶6. Plaintiff has met his burden to prove the elements of a TCPA claim: one or more calls were placed to Plaintiff's cellular telephone using a pre-recorded voice and or an automatic telephone dialing system as defined by the TCPA. Defendants can escape liability by pleading and proving that it had Plaintiff's consent to automated calls.

Navient admits that it placed 418 calls to Plaintiff's cellular telephone. PSMF ¶8. All of Navient's calls were placed without human intervention. PSMF ¶11. Navient admits that none of its calls were manually dialed. PSMF ¶11.

Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et al.* by using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–

* * *

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. §§ 227(b)(1).

In the first case in the federal system imposing liability against a debt collector for violation of the TCPA, United States District Judge William P. Dimitrouleas, determined on summary judgment that the defendant had used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone without her consent and entered summary judgment against the debt collector. _Hicks v. Client Services_ 2009 WL 2365637 (S.D. Fla. June 9, 2009).

In this case, Defendants admit that their dialing device places calls without human intervention. Defendant can escape liability by pleading and proving the defense of consent. The 11th Circuit has recognized the right to revocation:

> We therefore conclude that Betancourt and Osorio, in the absence of any contractual restriction to the contrary, were free to orally revoke any consent previously given to State Farm to call No. 8626 in connection with Betancourt's credit-card debt.

_Osorio v. State Farm Bank, F.S.B._, 746 F.3d 1242

There are no contractual restrictions on revocation applicable to Plaintiff, and even if there were, the _Osorio_ language regarding contractual restriction is non-binding dicta and the FCC has said that consent may be revoked under any circumstances by any reasonable means and FCC's orders are binding.

> Because the courts of appeals have exclusive jurisdiction over claims to enjoin, suspend, or invalidate a final order of the FCC, the district courts do not have it." Self, 700 F.3d at 461. "That means district courts cannot determine the validity of FCC orders."

_Mais v. Gulf Coast Collection Bureau, Inc._, 768 F.3d 1110

4

Defendants are not entitled to the consent defense because Plaintiff revoked consent in this June 24, 2014 telephone call to Navient which revokes consent for *both* Navient and SAC, as SAC and Navient are affiliates who share revocations and consents (PSMF ¶18-20):

> Chad: Well, to help contact you more efficiently, may Sallie Mae Bank and Navient and their respective subsidiaries, affiliates, and agents contact you at this number?
> Lucoff: Sure.
> Chad: Using an auto-dialer or pre-recorded messages regarding your current or future accounts.
> Lucoff: No.
> Chad: Yes or no?
> Lucoff: No.
> Chad: May they also send text messages regarding your current or future accounts (two words, inaudible)?
> Lucoff: No.
> Chad: Thank you. Let me just set update this then. Let me pull up your account. But before I can do so, I'm going to send a link to your email. It's an online login reminder for our website just in case you might need it on the future.

PSMF ¶13.

Plaintiff's access of Navient's website during his June 24, 2014 telephone call does not act as a re-consent after his oral revocation because the plain language of the website requires Plaintiff to provide his cellular number in order to invoke consent:

> *By providing my telephone number*, I authorize SLM Corporation, Sallie Mae Bank, Navient Corporation and Navient Solutions, Inc, and their respective subsidiaries, affiliates and agents, to contact me at such number, using any means of communication, including, but not limited to calls placed to my cellular phone using an automated dialing device, calls using pre-recorded messages and/or SMS text messages, regarding any current or future loans owned or serviced by SLM Corporation, Sallie Mae Bank, Navient Corporation or Navient Solutions, Inc., or their respective subsidiaries, affiliates and agents, even if I will be charged by my service provider, or providers, for receiving such communications.

PSMF ¶17. (Emphasis added).

It is undisputed that Plaintiff did not provide his cellular telephone number when accessing Navient's website on June 24, 2014. *Navient*, not Plaintiff, provided Plaintiff's cellular telephone

number and thus the consent language on the website was not triggered. The plain language of the website only triggers a new consent if Plaintiff provides his cellular number.

**<u>CONCLUSION</u>**

Plaintiff is entitled to summary judgment against both Defendants for minimum statutory damages for each violative call and willful and knowing damages of up to $1,000 for each violative call as Defendants knew they were calling a cellular telephone number, knew they did not have consent and used an automated telephone dialing system and or a pre-recorded voice to place each call.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-60743-Civ-Gayles/Seltzer

JOEL D. LUCOFF,

      Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, and
STUDENT ASSISTANCE CORPORATION

      Defendants.

_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>February 8, 2019</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        <u>s/Donald A. Yarbrough</u>
                                        Donald A. Yarbrough, Esq.

## **SERVICE LIST**

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
4 Floor
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: 305-428-5031
Facsimile: 305-577-1063
Electronic Mail Address: bfernandez@hinshawlaw.com

Via Notices of Electronic Filing generated by CM/ECF