UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-60743-Civ-Gayles/Seltzer

JOEL D. LUCOFF,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, and
STUDENT ASSISTANCE CORPORATION

    Defendants.

_____/

## **PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

    Plaintiff, Joel D. Lucoff, opposes Defendants Motion for Summary Judgment (DE 21) and in support thereof, Plaintiff states as follows:

    1.    Defendants motion, (DE 21) filed by Navient Solutions, LLC ("Navient") and Student Assistance Corporation ("SAC") should be denied ---------------

### **The calls are not "solely" to collect a debt and thus Defendants are not entitled to the exception to the statute**

    2.    Defendants seek to escape liability based upon an exception to the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") that excludes from liability calls "made solely to collect a debt owed to or guaranteed by the United States," which was added to the statue in 2015. The relevant portion of the statute reads:

> **(1)**  Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> **(A)**  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--

**(i)** to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
**(ii)** to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

47 U.S.C.S. § 227

3.  The statue does not exclude calls "related" to a debt or "tangential" to the debt. The exclusion is much narrower, it protects calls made "solely" to collect a debt. In Defendants statement of facts accompanying its motion, ***Defendants do not even alleged that the calls were placed solely for the purpose of collecting a debt***. And why? Because the calls are placed for a myriad of reasons more broadly than collecting a debt. Defendants state they are "engaged" in collection, Navient states that it is "servicing" a loan, and that Navient's calls were made when the loans were in default. None of that is solely to collect a debt. Navient consistently placed calls to verify or confirm Plaintiff's contact information and the use of that information was not limited solely to collection of a debt and thus Defendants are not entitled to the exception for calls made solely to collect a debt.

4.  As articulated in Plaintiff's Statement of Facts filed contemporaneously with this opposition Plaintiff notes he was constantly requested at the beginning of the calls he received to confirm or verify his street address, his email address and his telephone number. This contact information could be used to collect a debt but it can also be used and was used for other purposes such as to provide Plaintiff's with federally required privacy notices or to send him emails directing him to Navient's website where he could obtain such notices or to place generic pre-recorded messages to him directing him to Navient's website. Plaintiff's mailing address was

used to sent federally required IRS 1099 forms showing the amount of interest he paid or to send him emails and make other calls to him leaving him messages directing him to Navient's website to obtain the IRS 1099 forms. Navient used Plaintiff's email address to send Plaintiff emails and used his cellular telephone number to send him generic messages directing him to Navient's website where he could get information on topics such as counseling on savings and investment, interpretation of credit scores, and understanding credit cards, these topics are certainly not solely for the purpose of debt collection. Navient used Plaintiff's email address for the purpose of notifying him of a class action lawsuit, the Arthur Settlement, for the purpose of obtaining his consent to future automated calls a consent which Navient obtained and shared with its affiliate SAC. The information requested in the calls, i.e. Plaintiff's contact information was used for purposes beyond that solely limited to debt collection.

       5.       Counseling Plaintiff on topics such as savings and investment, interpretation of credit scores, and understanding credit cards is not debt collection. Defendants constantly asked in the calls to verify or confirm Plaintiff's contact information then used it for purposes unrelated or only tangentially related to debt collection. The content of the calls was not solely to collect a debt. Defendants sought contact information in the calls that it used for purposes not solely to collect a debt.

       6.       Federally required IRS 1099 forms showing the amount of interest Plaintiff paid also required Plaintiff's contact information as those forms contain Plaintiff's mailing address. Provision of such forms may be related to debt collection but they are not solely for debt collection.

       7.       In the two pre-recorded messages Plaintiff retained from Navient, the messages read in part "We have an important message regarding your loan serviced by Navient. You can

find information and self service your account on www.Navient.com." These messages direct Plaintiff to Navient's website where he could obtain information related to counseling on topics such as savings and investment, interpretation of credit scores, and understanding credit cards, could view his privacy notices and IRS Form 1099. Thus those messages were not made solely for the purpose of collecting a debt.

8. In the 20 pre-recorded massages Plaintiff retained from SAC, the messages state they are "regarding" a student loan. Regarding a loan is not solely for the purpose of collecting a loan. It is uncontested that SAC's calls were for the purpose of default prevention. Default prevention is not debt collection. It is the opposite of debt collection. Preventing a debt from going into default might be related to debt collection but it is not solely to collect a debt and thus the SAC calls do not fall within the exception established for calls made solely for debt collection.

9. Sending Plaintiff federally privacy notices or disclosing privacy notices on its website is not a purpose limited solely to debt collection. Privacy notices might be related to debt collection but they are not solely for the purpose of debt collection.

10. As shown by the transcript of the audio recording of the conversation between Plaintiff and Navient of June 24, 2014, Plaintiff's Statement of Facts, contemporaneously filed, Plaintiff revoked any consent to automated calls from Navient and its affiliate, SAC.

11. Navient used its telephone calls to Plaintiff to obtain contact information from Plaintiff that it did no use solely to collect a debt thus the calls were not made solely to collect a debt and Navient is not entitled to the exclusion of calls made for such a purpose.

**SAC is not entitled to the exclusion for calls made solely to collect a debt because its calls were made to prevent a default, not to collect a debt.**

12.     It is undisputed that all of SAC's calls were made to prevent a default. These calls were not solely for debt collection. Congress says what it means and means what it says. Congress said calls solely made to collect a debt are excluded from liability. It did not say that calls related to or concerning a debt are excluded.

### **Plaintiff informed Navient it the June 24, 2014 telephone call that he no longer consented to calls form Navient and its affiliate SAC, and his use of Navient's website minutes later during the same phone call did not act as a second consent.**

13.     In the June 24, 2014 telephone call between Plaintiff and Navient, the content of which the parties agree upon, Plaintiff unmistakably said he did not consent to automated calls from Navient and its affiliate, SAC. Plaintiff's Statement of Facts contemporaneously filed. During this same telephone call Navient's representative directed Plaintiff to Navient's website not for the purpose of carrying out Plaintiff's revocation of consent but for the purpose of allowing Plaintiff to obtain a form necessary for automated payments.

14.     Plaintiff's access of Navient's website during his June 24, 2014 telephone call does not act as a re-consent after his oral revocation because the plain language of the website requires Plaintiff to provide his cellular number in order to invoke consent:

> *By providing my telephone number*, I authorize SLM Corporation, Sallie Mae Bank, Navient Corporation and Navient Solutions, Inc, and their respective subsidiaries, affiliates and agents, to contact me at such number, using any means of communication, including, but not limited to calls placed to my cellular phone using an automated dialing device, calls using pre-recorded messages and/or SMS text messages, regarding any current or future loans owned or serviced by SLM Corporation, Sallie Mae Bank, Navient Corporation or Navient Solutions, Inc., or their respective subsidiaries, affiliates and agents, even if I will be charged by my service provider, or providers, for receiving such communications.

PSMF ¶17. (DE 25) (Emphasis added).

15.     It is undisputed that Plaintiff did not provide his cellular telephone number when accessing Navient's website on June 24, 2014. *Navient*, not Plaintiff, provided Plaintiff's cellular

telephone number and thus the consent language on the website was not triggered. The plain language of the website only triggers a new consent if Plaintiff provides his cellular number. Navient drafted the language on its website and thus in accordance with contract principles, any ambiguity in the language is construed against the drafter, Navient. The consent that Navient seeks only triggered if Plaintiff provided his number on the website form, which he did not, and thus the language does not amount to a new consent, particularly when that consent was in complete contradiction to the intent Plaintiff articulated in the phone call that he revoked consent.  Providing Plaintiff consent language within in minutes or his announced intention to revoke consent makes the language a fraudulent inducement in an effort to undermine the express revocation of consent that had just occurred. Even when the debtor revokes consent to future calls, Navient re-populates the number on its website access form such that the number always appears even when consent has been revoked. Highfeld Deposition, (DE 28-2) page 40 line 15 to page 41 line 4. That conduct is an effort to fraudulent trick the debtor into re-consenting even once he has revoked consent.

**Defendants' calls to Plaintiff were made regarding private loans that were not guaranteed or issued by the United States**

16.     Navient's corporate representative testified that the calls it placed to Plaintiff were based not solely on loans guaranteed by or owed to the United States. The representative testified that the calls were based upon private loans that were not guaranteed by owed to the United States. Highfield Deposition, (DE 28-2) page 27 line 21 to page 31 line 5, and page 39 line 2 to page 40 line 14. Because the calls included as their basis private loans not guaranteed by or owed to the United States the calls were not made solely to collect loans guaranteed by or owed to the United States. Because the calls were not solely made to collect loans guaranteed by or owed to the United States, Defendants are not entitled to the exclusion applicable to such loans. If

6

Defendant now claims no private loans formed the basis of the calls, at a minimum, an issue of credibility has arisen precluding summary judgment in Defendants favor.

## **Plaintiff is legally permitted to revoke consent**

Defendants argue they are entitled to a contractual consent that is irrevocable. Defendant's are wrong. Navient's representative testified that Plaintiff did not provide his cellular telephone number when taking out the loans. Highfield Deposition, (DE 28-2) page 27 line 21 to page 31 line 5, and page 39 line 2 to page 40 line 14. Defendant can escape liability by pleading and proving the defense of consent. Defendants do not point to any evidence that the documents establishing the student loan contain any language that precludes the revocation of consent. The 11th Circuit has recognized the right to revocation:

> We therefore conclude that Betancourt and Osorio, in the absence of any contractual restriction to the contrary, were free to orally revoke any consent previously given to State Farm to call No. 8626 in connection with Betancourt's credit-card debt.

*Osorio v. State Farm Bank, F.S.B*., 746 F.3d 1242

There are no contractual restrictions on revocation applicable to Plaintiff, moreover, the FCC has said that consent may be revoked under any circumstances by any reasonable means and FCC's orders are binding.

> Because the courts of appeals have exclusive jurisdiction over claims to enjoin, suspend, or invalidate a final order of the FCC, the district courts do not have it." Self, 700 F.3d at 461. "That means district courts cannot determine the validity of FCC orders."

*Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110

Nothing in the terms of the Arthur Settlement precludes subsequent revocation, as occurred in this case.

7

**The calls of both Defendants were placed with an automated device which does not require human intervention and even if the calls were not placed with a automated device there were a disputed number of calls that were pre-recorded.**

In the first case in the federal system imposing liability against a debt collector for violation of the TCPA, United States District Judge William P. Dimitrouleas, determined on summary judgment that the defendant had used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone without her consent and entered summary judgment against the debt collector. <u>Hicks v. Client Services</u> 2009 WL 2365637 (S.D. Fla. June 9, 2009).

17.     In this case, Defendants admit that their dialing device places calls without human intervention. Plaintiff's Statement of Facts, contemporaneously filed, No. 48 through 53. Even if the calls are held to not be placed with an automated dialing system, hundreds of the calls were pre-recorded which is also violative of the TCPA.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 18-60743-Civ-Gayles/Seltzer

JOEL D. LUCOFF,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, and
STUDENT ASSISTANCE CORPORATION

    Defendants.

_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on March 18, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/Donald A. Yarbrough
                                            Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
4 Floor
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: 305-428-5031
Facsimile: 305-577-1063
Electronic Mail Address: bfernandez@hinshawlaw.com

Via Notices of Electronic Filing generated by CM/ECF