UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JOEL D. LUCOFF,

       Plaintiff,                           Case No. 18-CV-60743- Ruiz/Seltzer

vs.

NAVIENT SOLUTIONS, LLC and
STUDENT ASSISTANCE CORP.,

       Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## OBJECTION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Defendants, NAVIENT SOLUTIONS, LLC ("NSL") and STUDENT ASSISTANCE CORPORATION ("SAC") (collectively, "Defendants"), hereby file this Response to Plaintiff's Objection to Report and Recommendation on Cross Motions for Summary Judgment [DE 77]. For the reasons set forth below, this Court should overrule Plaintiff's objection and adopt Judge McAliley's Report and Recommendation filed on May 28, 2019 (the "Report") [DE 73].

### Report & Recommendation

Judge McAliley's Report recommends that summary judgment be granted in favor of Defendants on two grounds. First, Plaintiff could not unilaterally revoke his consent, but second, even if Plaintiff had been able to revoke his consent, he provided his express consent again after revocation. Therefore, Defendants did not violate the Telephone Consumer Protection Act ("TCPA"). Accordingly, the Report recommends this Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. Further, Judge McAliley denied Plaintiff's motion to strike as moot because the Court "did not rely on the allegedly 'new' facts or the Reply Affidavit to resolve the parties' cross-motions for summary judgment."

Case No. 18-CV-60743- Ruiz/Seltzer

**Plaintiff's Objections**

In his objections, Plaintiff presents an entirely new, unsupported theory that NSL "frustrated Plaintiff's efforts to stop the calls by directing him to the website . . . then tricking him with language." *See* DE 77. Further, Plaintiff reiterates the arguments raised in his response to Defendants' motion for summary judgment and states that he did not "provide" his contact information, and that his consent was revocable. Plaintiff did not raise any objection to the Magistrate Judge's denial of his motion to strike. Therefore, this Court should adopt the Magistrate Judge's ruling that the motion to strike is denied as moot.

**Argument**

**A. Plaintiff's Bargained-For Consent Was Irrevocable**

Plaintiff argues that his consent provided through the *Arthur* class action case is revocable, because the FCC's 2015 Order established that consent can be orally revoked, and Eleventh Circuit precedent allows for oral revocation. However, the *Arthur* agreement, the terms of which were approved by a federal district court in Washington, is distinguishable from the contracts addressed in the cases cited by Plaintiff, because it provides express instructions on how to provide or revoke consent. Plaintiff cites to *Osorio* to support his ability to revoke consent, however, *Osorio* concluded that consumers could orally revoke consent "in the absence of any contractual restriction to the contrary." The Report finds that the *Arthur* agreement contractually restricted Plaintiff from revoking consent since it was given as consideration to the settlement, and the agreement expressly provided instructions on how to revoke consent. More importantly, the Report emphasizes the fundamental difference between gratuitously providing consent and bargained-for consent. If prior express consent is given as part of a contractual provision, it cannot be unilaterally revoked.

Here, Defendants possessed Plaintiff's contractual consent as a result of his participation in a prior class action lawsuit against NSL, then known as Sallie Mae, Inc., captioned *Arthur v. Sallie Mae, Inc.*, No. C10-0198 (W.D. Wash.) (hereinafter, the "Arthur Settlement"). *See* Rule 56.1 Statement, ¶¶ 34-35. As consideration for the *Arthur* Settlement, settlement class members who desired not to receive calls were to submit a Revocation Request form to the Settlement Administrator, which Plaintiff did not submit. *See Rodriguez v. Student Assistance Corp.*, Doc. 40, No. 1:17-cv-01577- BMC (E.D.N.Y. Nov. 6, 2017) (holding that Plaintiff, a member of the Arthur Settlement, could not pursue TCPA claims against SAC and NSL) ("[P]laintiff received consideration in exchange for her consent. She did not have to accept it. She could have opted out of the settlement agreement. She could have executed a Revocation Agreement. By choosing not to do either, she can no more maintain this action than she could start a new one against Sallie Mae for the conduct that formed the basis of the allegations in the class action."). The *Arthur* Settlement expressly states in a sub-section titled "Settlement Consideration" that "as full and complete consideration for the Amended Settlement, Sallie Mae will implement the prospective changes set forth in Paragraph One of this Section III.C. [Prospective Practice Changes (Revocation Request)]." *See* DE 23-3.[1]

Plaintiff argues that the FCC's 2015 Order permits revocation. Although Defendants do not dispute that consumers have a general right to revoke consent under the FCC Order, Plaintiff fails to acknowledge that his consent was consideration for the *Arthur* Settlement, and he chose not to avail himself of his ability to revoke his consent. Further, the cases Plaintiff cites to, *Few* and *Osorio*, are distinguishable because the *Arthur* settlement contains express language regarding revocation. *See Few v. Receivables Performance Mgmt.*, LLC, No. 1:17-CV-2038-

---

[1] Further, Plaintiff "concedes" that he provided his consent in the July 2012 Automatic (Electronic) Debit Authorization Form. *See* DE 77. Such contractual consent could not be subsequently unilaterally revoked because it was part of a bargained-for exchange. *See Reyes v. Lincoln Auto Fin. Servs.*, 861 F.3d at 56 (2d Cir. 2017).

3

KOB, 2018 U.S. Dist. LEXIS 192854, at *6-7 (N.D. Ala. Nov. 13, 2018) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014). First, *Few* is a decision in the Northern District of Alabama and is not controlling law. Second, in *Few*, the court explained that the contract at issue did not restrict the means by which she may revoke her prior express consent. Here, the *Arthur Settlement* expressly provides a "Revocation Request" clause and provides class members an opportunity to make a "valid and timely Revocation Request." *See* DE 23-3.

As previously stated, in *Osorio*, the Eleventh Circuit ruled that "in the absence of any contractual restriction to the contrary," the plaintiff was free to orally revoke consent. 746 F.3d at 1255. Here, there is a clear contractual restriction to the contrary, which expressly provides for revocation of consent. However, Plaintiff failed to revoke that consent, pursuant to the terms and operation of the *Arthur Settlement*. Plaintiff received individual notice of the *Arthur Settlement* by e-mail, and did not opt out or submit a Revocation Request. Accordingly, Plaintiff's bargained-for consent was not a gratuitous, revocable consent, and the Report appropriately recommends summary judgment in favor of Defendants.

### B. Plaintiff Re-Established Consent

Notwithstanding the above, even if Plaintiff could revoke his consent as a matter of law, the record is clear that Plaintiff subsequently re-established his consent prior to receiving the calls at issue. Despite Plaintiff's argument that he did not "provide" his cellular telephone number, Plaintiff cannot escape the undisputed fact that he clearly saw his cell phone number on NSL's website identified as his "Cell Phone," and elected to proceed anyway by clicking "Submit," and in so doing, submitted his consent to be called at that number. Although Plaintiff self-servingly claims he did not actually "provide" his number to Defendants because he did not manually input each digit himself, this does not circumvent Plaintiff's act of providing

authorization to be called on his cell phone. Plaintiff argues that NSL's consent language should be interpreted to mean that Plaintiff needed to physically input his cell phone number into the cell phone field, however, there is absolutely no support for such an argument. On the contrary, the case law, which Plaintiff also cites to, supports that the mere provision of a cell phone number – whether written or typed in a letter, submitted online, or even provided to an intermediary – constitutes express consent to be called. *See Osorio*, 746 F.3d at 1255.

For the first time, in his objection to the Report, Plaintiff presents a novel theory, with no evidence, that he was "*tricked*" by the consent language on NSL's website and that Defendants *frustrated* his efforts to stop the calls. Plaintiff not once, in his deposition or declarations, stated that he was tricked into providing his phone number. Plaintiff's attempt to sneak in an untimely argument should not be entertained, especially since Plaintiff should have and could have raised this argument sooner. *See Zurich Servs. Corp. v. Prof'l Mgmt. Servs. Group*, 2016 U.S. Dist. LEXIS 157570, *4 (M.D. Fla. Nov. 15, 2016) (the court waived the new, untimely argument raised in the supplemental briefing before the Magistrate Judge because the issue could have and should have been raised sooner). At this late stage, this Court should not consider Plaintiff's new argument, since it is raised for the first time and Plaintiff had numerous earlier opportunities, such as in the party's cross-motions for summary judgment, responses thereto, and replies thereto. *See Williams v. McNeil*, 557 F.3d 1287, 1289 (11th Cir. 2009) (district court has broad discretion in reviewing a magistrate judge's report and recommendation, and, therefore, the district court did not abuse its discretion in declining to consider the party's timeliness argument that was not presented to the magistrate).

In fact, permitting Plaintiff to present new arguments in his objection to the Magistrate's Report eliminates efficiencies gained through the Federal Magistrates Act and "unfairly benefits

5

litigants who could change their tactic after issuance of the magistrate judge's report and recommendation." *Williams*, 557 F.3d at 1290-91. "It would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and--having received an unfavorable recommendation--shift gears before the district judge." *Id.* (citing *Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 991 (1st Cir. 1988). Here, it would be unjust for this Court to permit Plaintiff to present a new argument after receiving an unfavorable recommendation. The issues presented in the motions for summary judgment filed by Plaintiff and Defendants fully addressed and briefed the issues regarding consent. Faced with the adverse Report, Plaintiff seeks to present an entirely new argument, without supporting evidence, that he was tricked by Defendants. Plaintiff's new argument should be disregarded.

Nevertheless, should this Court decide to consider Plaintiff's new argument, summary judgment should still be granted in favor of Defendants because Plaintiff knowingly visited NSL's website, agreed to the consent language pertaining to his cell phone number, and clicked "Submit." It is undisputed that Plaintiff's submission of the online consent occurred <u>after</u> his alleged oral revocation on the phone with the NSL employee. Further, Plaintiff has failed to provide any evidence on his broad theory that he was tricked. *See Herrera-Edwards v. Bernard Edwards Co.*, LLC, 2016 Bankr. LEXIS 3902, *17 (Bankr. M.D. Fla. Nov. 2, 2016) (the Court determined that there was no evidence in the record to support Plaintiff's theory that he was tricked in any way into executing an agreement and the agreement at issue is binding, operative, and controlling). Nor could he, where Plaintiff could just have easily modified or completely removed his phone number from NSL's website.

The authorization language on NSL's website is similar to a clickwrap agreement, in that it is a manifestation of the borrower's intent to be bound by the information provided. Courts routinely enforce clickwrap agreements where the user indicates actual notice of the terms of use or where the user was required to acknowledge the terms of use before proceeding with further use of the site. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-76 (9th Cir. 2014). Since the consent language was clear, this Court must rely on the plain meaning of the contract and disregard Plaintiff's theory of trickery. *See Larach v. Std. Chtd. Bank Int'l (Americas) Ltd.*, 2011 U.S. Dist. LEXIS 163670, *24 (S.D. Fla. June 7, 2011). As a party to a written contract, Plaintiff cannot defend against its enforcement because he neglected to read it carefully. *Id*. at *30. Further, it was Plaintiff's duty to learn and understand its contents before he clicked "Submit." *Id*. The consent language contained in NSL's website was prominent, conspicuous, and required Plaintiff's acknowledgement of such, by clicking the "Submit" button prior to proceeding with further use of the site. Indeed, the words "Edit Your Contact Information" are displayed prominently, in bold, at the top of the website screen presented to Plaintiff. *See* DE 23-1, NSL000070. And the contents of the entire page concerned providing updates to Plaintiff's contact information – in which none of the requested fields were hidden or minimized. *Id*.

There is no question Plaintiff understood the meaning and import of the consent language on NSL's website. Claiming that Defendants "tricked" him and "frustrated" his efforts to stop the calls is unsupported, unpersuasive, and outlandish. Nor is this claim credible. Plaintiff is a licensed attorney who admittedly has been familiar with the TCPA for approximately ten years, since he practices consumer law and was also a plaintiff in a lawsuit involving a TCPA claim. *See* Ex. "5," Plaintiff's Deposition at 6:4-7, 67:19-21, 68:1-5. Moreover, as a consumer lawyer, Plaintiff knew what actions to take in order to attempt to revoke his consent after the June 24,

7

2014 telephone call, which he never did. *See Davis v. Avvo, Inc.*, 2011 U.S. Dist. LEXIS 103332, *12 (M.D. Fla. Sept. 12, 2011) (the Court determined that the fact that Plaintiff was an attorney also undercuts his contention that he was somehow tricked or compelled into signing and agreeing to the terms and conditions). Here, Plaintiff suggests he was somehow "tricked" into consenting to receiving calls over several years, when he knew how to clearly and concisely revoke such consent. Lastly, pursuant to Eleventh Circuit precedent, whether Plaintiff did not intend to provide his consent or believes he was "tricked" into submitting his consent, Plaintiff's conduct of submitting his contact information on NSL's website provided apparent consent to Defendants after his attempted oral revocation. *See Lawrence v. Bayview Loan Servicing, LLC*, 666 F. App'x 875, 880-81 (11th Cir. 2016).

As such, even if Plaintiff's consent was revocable, Plaintiff re-established his consent for the telephone calls at issue, by subsequently providing his consent on NSL's website. Therefore, for this additional reason, summary judgment should be granted in favor of Defendants.

## Conclusion

Defendants respectfully request that this Court adopt Judge McAliley's report and recommendation [DE 73], and grant summary judgment in favor of Defendants and deny Plaintiff's motion for summary judgment.

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Neda Ghomeshi
Florida Bar No. 123554
nghomeshi@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd. 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747 / Fax: 305-577-1063
Attorneys for Defendants

303928620v1 1008471

Case No. 18-CV-60743- Ruiz/Seltzer

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
Attorneys for Plaintiff
don@donyarbrough.com

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Neda Ghomeshi
Florida Bar No. 123554
nghomeshi@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Secondary: dconnolly@hinshawlaw.com
Attorneys for Navient Solutions, LLC and Student Assistance Corporation

303928620v1 1008471