Case 0:18-cv-60743-RAR Document 86 Entered on FLSD Docket 01/05/2021 Page 1 of 17
USCA11 Case: 19-13482 Date Filed: 01/04/2021 (1 of 2) Page: 1 of 1

FILED BY HH D.C.

Jan 4, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 04, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-13482-GG
Case Style: Joel Lucoff v. Navient Solutions, LLC, et al
District Court Docket No: 0:18-cv-60743-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-13482
_____

District Court Docket No.
0:18-cv-60743-RAR

JOEL D. LUCOFF,

                                                   Plaintiff - Appellant,

versus

NAVIENT SOLUTIONS, LLC,
STUDENT ASSISTANCE CORPORATION,

                                                   Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: December 04, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 01/04/2021

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13482
_____

D.C. Docket No. 0:18-cv-60743-RAR

JOEL D. LUCOFF,

                                                              Plaintiff-Appellant,

versus

NAVIENT SOLUTIONS, LLC,
STUDENT ASSISTANCE CORPORATION,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2020)

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

BRANCH, Circuit Judge:

After Navient Solutions, LLC and its affiliate, Student Assistance Corporation ("SAC"), called Joel Lucoff's cell phone almost 2,000 times concerning his unpaid student loan, Lucoff sued Navient and SAC alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits callers from making non-emergency calls using an "automatic telephone dialing system" ("ATDS")[1] or an "artificial or prerecorded voice" to a person's cell phone unless the call is made with the prior express consent of the called party. *Id.* Because we agree with the district court that Lucoff expressly consented to receive Navient and SAC's calls, we affirm the district court's grant of summary judgment to Navient and SAC.

## I. Background

A. Lucoff's Student Loans

---

[1] The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In *Glasser v. Hilton Grand Vacations Co.*, we held that the clause "using a random or sequential number generator" modifies "both verbs ('to store' and '[to] produce')." 948 F.3d 1301, 1306 (11th Cir. 2020) (alteration in original). So to be an ATDS under the TCPA "the equipment must (1) store telephone numbers using a random or sequential number generator and dial them or (2) produce such numbers using a random or sequential number generator and dial them." *Id.* Under *Glasser*, equipment that calls a targeted list of individuals is not an ATDS because the call-list was not randomly or sequentially generated and dialed. *Id.*

Lucoff, now an attorney, obtained various federal loans to pay for law school, which he began in 1994.  In 2006, Lucoff consolidated his student loans under the Federal Family Education Loan Program ("FFELP").  Navient[2] serviced Lucoff's FFELP consolidated loan, and SAC performed default aversion services on it.[3]

B.  The *Arthur* Class Settlement

In 2010, a class of borrowers sued Navient, alleging that the company and its affiliates, including SAC, committed TCPA violations by calling class members' cell phones without consent between October 27, 2005, and September 14, 2010. In exchange for settling those claims, Navient agreed to implement "prospective practice changes" and "contribute . . . monetary relief" to a fund accessible by class members who submitted valid claim forms.[4]  Lucoff does not dispute that he was a class member and that he was sent an e-mail notice of the class action settlement agreement.  Although Lucoff does not dispute receiving the class action settlement notice, he testified he does not remember receiving or reading it.  By the terms of

---

[2] Many of the relevant interactions between Lucoff and Navient occurred when Navient operated under its former name, Sallie Mae, Inc.  Because the distinction between these names is irrelevant to the merits of this appeal, we will refer to Navient/Sallie Mae as "Navient."

[3] Default aversion services include counseling borrowers on repayment options to prevent their loans from reaching default.  Navient and SAC share technology services, including a platform that stores borrowers' consent to receive automated and prerecorded calls.

[4] On September 17, 2012, the United States District Court for the Western District of Washington approved the class action settlement agreement ("*Arthur* settlement") at issue in this case.  *See Arthur, et al. v. Sallie Mae, Inc.*, No. C10-0198-JRL.

3

the settlement, class members who failed to submit revocation request forms were "deemed to have provided prior express consent" to receiving Navient and its affiliates' calls. Lucoff does not dispute that he did not submit a revocation request form.

    C. Debit Form

Two months before the *Arthur* settlement was approved, on July 2, 2012, Lucoff faxed SAC an Automatic (Electronic) Debit Authorization form that included his cell phone number. By submitting the debit form, Lucoff expressly consented to allow Navient and its affiliates to call him concerning his student loan. The relevant provision in the debit form provides:

> I, the Bank Account Holder, authorize Sallie Mae, and its agents or assigns, to communicate with me in connection with this Automatic Debit Authorization or any of the Customer's current or future loans being serviced by Sallie Mae using any telephone number that I provide to Sallie Mae in this Authorization or in the future, even if such telephone number is associated with a cellular telephone. I authorize Sallie Mae to communicate with me using automated telephone dialing equipment and/or artificial or pre-recorded voice messages.

    D. Phone Call and Demographic Form

On June 24, 2014, almost two years later, Lucoff called Navient to discuss a proposed settlement offer for his consolidated loan. During this call, Lucoff and a Navient representative had the following exchange:

> Q: Is this your cell phone number, []-0907?
> A: That is correct.

> Q: Well, to help contact you more efficiently, may Sallie Mae Bank and Navient and their respective subsidiaries, affiliates, and agents contact you at this number?
> A: Sure.
> Q: Using an auto-dialer or pre-recorded messages regarding your current or future accounts[?]
> A: No.
> Q: Yes or no?
> A: No.

After this conversation, while still on the phone with the Navient representative, Lucoff visited Navient's website to fill out an automatic debit agreement to make payments on his delinquent student loan. When Lucoff logged on to Navient's website, a form titled "Edit Your Contact Information" (the "demographic form") popped up. The demographic form already contained some of Lucoff's information, like his cell phone number, because Navient auto-filled portions of the form from information in its records. Lucoff's cell phone number was not marked as a "required field" on the demographic form, and the auto-filled information could be deleted. The demographic form contained the following language, in the same sized font as the rest of the form, above the "submit" button on the bottom of the form:

> By providing my telephone number, I authorize SLM Corporation, Sallie Mae Bank, Navient Corporation and Navient Solutions, Inc., and their respective subsidiaries, affiliates and agents, to contact me at such number using any means of communication, including, but not limited to, calls placed to my cellular phone using an automated dialing device, calls using prerecorded messages and/or SMS text messages, regarding any current or future loans owned or serviced by SLM Corporation, Sallie Mae Bank, Navient Corporation or Navient

>   Solutions, Inc., or their respective subsidiaries, affiliates and agents, even if I will be charged by my service provider(s) for receiving such communications.

Lucoff does not dispute that this language was on the demographic form, and he remembered completing the demographic form while still speaking to the Navient representative. After the June 24, 2014 phone call, Lucoff did not attempt to revoke his consent again for Navient or its affiliates to call him on his cell phone.

When Lucoff fell behind on his loan payments, Navient and SAC began calling his cell phone.[5] Lucoff sued, alleging that Navient and SAC called his cell phone using an ATDS and prerecorded messages, both of which require prior express consent to comply with the TCPA.[6]

After discovery, both parties filed motions for summary judgment. Lucoff argued that Navient and SAC called his cell phone without his consent because he revoked any prior consent during the phone call with the Navient representative. Navient argued that Lucoff provided prior express consent to the calls (which he

---

[5] Navient called to discuss Lucoff's loan during periods of delinquency. SAC called (beginning on May 17, 2016) to discuss Lucoff's options to avoid default on the loan. The calls occurred between April 18, 2014 (shortly before the Navient/Lucoff phone call) and the filing of Lucoff's complaint.

[6] The parties do not dispute that SAC made 1,549 calls and Navient made 418 calls to Lucoff's cell phone using a non-manual "automated device." The parties also do not dispute that Navient and SAC made some calls to Lucoff's cell phone using a prerecorded message, but the parties do not agree on how many.

could not unilaterally revoke) because he was bound by the consent provision in the *Arthur* settlement. Navient also argued that even if Lucoff could (and did) revoke his consent during the phone call with the Navient representative, he reconsented when he submitted the online demographic form.

The district court, following the magistrate judge's recommendation, determined that (1) Lucoff could not unilaterally revoke his consent to be called by Navient and SAC because his consent was given as consideration in a valid bargained-for contract (the *Arthur* settlement), and, alternatively (2) even if Lucoff could (and did) revoke his consent to be called, he nonetheless reconsented when he submitted the demographic form. Lucoff appealed.

We agree with the district court that Lucoff reconsented to Navient and SAC's calls when he submitted the demographic form. Accordingly, we do not address whether the *Arthur* settlement made Lucoff's initial consent unilaterally irrevocable.[7]

---

[7] The district court found that Lucoff did not have the *ability* to revoke unilaterally his consent to be called by Navient concerning his student loans. Navient's position is that because Lucoff was a member of the *Arthur* class, failed to opt out of the class settlement, and failed to fill out a revocation request form, he is bound by the *Arthur* settlement's prior express consent provision. Under Navient's view, because the consent term is part of a bargained-for contract (the class action settlement agreement), Lucoff's consent cannot be revoked unilaterally, under *Medley v. Dish Network, LLC*, 958 F.3d 1063 (11th Cir. 2020).

In *Medley*, we held that a party to a valid contract who agrees to receive automated calls on her cell phone may not later revoke her consent unilaterally. *See id.* at 1071 (holding that "the TCPA does not authorize unilateral revocation of consent to receive automated calls when such consent is given in a bargained-for contractual provision"). This Court followed the Second Circuit's approach to TCPA consent and held that "[p]ermitting Medley to unilaterally revoke a mutually-agreed-upon term in a contract would run counter to black-letter contract law in effect

## II.  Standard of Review

"We review *de novo* a grant of summary judgment, and we view the evidence and all factual inferences in the light most favorable to the nonmoving party." *Bearden v. E.I. du Pont de Nemours & Co.*, 945 F.3d 1333, 1337 (11th Cir. 2019). Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.  Discussion

The TCPA prohibits callers from using an ATDS[8] or an artificial or prerecorded voice to make non-emergency calls to a person's cell phone unless the call is made with the person's prior express consent.[9] We use common law

---

at the time Congress enacted the TCPA." *Id.* (citing *Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 59 (2d Cir. 2017)).

Navient asks us to expand *Medley* to the class action settlement agreement context and hold that Lucoff, an absent *Arthur* class member, is bound by a consent provision "agreed" to based on his inaction in response to the receipt of a class action settlement agreement notice, which he does not remember receiving. Because we agree with the district court that regardless of whether Lucoff *could* unilaterally revoke his consent, he nonetheless reconsented to Navient's calls, we need not address this issue.

[8] Navient argues that most of the calls at issue in this case are TCPA compliant regardless of consent because they were not made using an ATDS under this Court's recent decision in *Glasser*, 948 F.3d 1301. Because we find Lucoff consented to Navient and SAC's calls, we do not address this argument.

[9] In full, the relevant portion of the TCPA provides that:

(b)(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

principles to interpret whether a party gave—or revoked—their "prior express consent" to receive calls under the TCPA. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014) ("We . . . presume from the TCPA's silence regarding the means of providing or revoking consent that Congress sought to incorporate the 'common law concept of consent.'" (quoting *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270 (3d Cir. 2013)). At common law, "consent is a willingness for certain conduct to occur." *Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1276 (11th Cir. 2017) (citing RESTATEMENT (SECOND) OF TORTS § 892(1) (AM. LAW INST. 1979)). Even if a person does not intend to consent, their "words or conduct [that] are reasonably understood by another to be intended as consent . . . constitute apparent consent and are as effective as consent in fact." *See* RESTATEMENT (SECOND) OF TORTS § 892(2). And consent is revoked "when the actor knows or has reason to know that the other is no longer willing for him to continue the particular conduct." *Schweitzer*, 866 F.3d at 1278 (quoting RESTATEMENT (SECOND) OF TORTS § 892A cmt. i).

---

\* \* \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii).

Lucoff contends that he did not reconsent to receive Navient and SAC's calls by submitting the online demographic form which said "[b]y providing my telephone number, I authorize [Navient] to contact me at such number using any means of communication, including . . . calls placed to my cellular phone using an [ATDS] [or] calls using prerecorded messages . . . regarding any current . . . loans . . . serviced by [Navient]."  Lucoff argues that submitting this language did not constitute consent because he submitted the form right after his oral revocation to the Navient representative, and the form was misleading and deceptive.  Lucoff also argues that a jury should resolve this issue, rather than the district court on summary judgment.  We disagree.  Even if Lucoff effectively revoked his prior consent by answering "no" to the Navient representative's questions during the phone call, he later reconsented by submitting the online demographic form.[10]

This case revolves around timing.  Lucoff took two opposite actions (revoking consent and reconsenting) close in time to one another.  After orally revoking his consent to receive certain calls from Navient, Lucoff reconsented to receive those same calls just moments later.  But because the record is undisputed that Lucoff's reconsent came *after* his revocation, we agree with the district court

---

[10] We will assume, without deciding, that Lucoff could and did effectively revoke his prior express consent to be called by answering "no" to the Navient representative's questions.

that Navient and SAC's calls were made with Lucoff's TCPA-required prior express consent.

Lucoff first argues that Navient should have known that he did not intend to "change his mind" and reconsent so soon after revoking his consent on the phone with the Navient representative. But under common law, consent is effective regardless of whether a party "intended" to consent if his words or conduct are "reasonably understood by another to be intended as consent." *See* RESTATEMENT (SECOND) OF TORTS § 892(2). It was reasonable for Navient to understand Lucoff's submission of the consent language in the demographic form (clearly stating Lucoff authorized the calls) as Lucoff's consent to the calls. So even if Lucoff did not want to receive ATDS or prerecorded calls, he nonetheless provided apparent consent to Navient and SAC by submitting the online demographic form that contained his cell phone number and a clear, unambiguous consent provision. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1308 (11th Cir. 2015) (providing a phone number on a form, even without an express consent provision, constitutes consent under the TCPA).

Lucoff next argues that because he submitted the demographic form right after he answered "no" to the Navient representative's question, Navient still knew or should have known that Lucoff did not want to receive the calls, under the "knew or should have known" standard this Court uses to determine whether

11

consent was revoked. *See Schweitzer*, 866 F.3d at 1278. While it is true that Lucoff filled out the demographic form just moments after he orally revoked his prior consent, Lucoff cites no authority that this temporal proximity should require this Court to consider the separate interactions (of revoking consent and later reconsenting) as one lumped-together interaction. Accordingly, we disagree with Lucoff's argument that the revocation of consent standard should stretch to apply to Lucoff's later reconsent to Navient.

Lucoff also argues that any reconsent gleaned from his submission of the demographic form was ineffective because the form, and the way he was directed to fill it out, were deceptive and misleading. Lucoff cites a Seventh Circuit case concerning consent to trespass for support that consent is ineffective if "procured by a misrepresentation or a misleading omission." *Desnick v. Am. Broad. Cos.*, 44 F.3d 1345, 1351 (7th Cir. 1995). He points to five facts to prove that he was misled into providing his consent: (1) the form explained its purpose was to make sure Navient had "up to date records" rather than to obtain consent to call consumers; (2) the Navient representative directed Lucoff to the website (to fill out an auto debit agreement) and was still on the phone with him as he quickly submitted this form; (3) the form could not be submitted without at least one phone number being submitted because the home phone number was a required field (marked with an asterisk); (4) the consent provision was at the bottom of the form

and in "fine print"; and (5) Navient auto-populated the form with information from its records.

After reviewing the form, we disagree with Lucoff's allegation that the form was misleading. The consent provision was located above the submit button and was in the same sized text as the rest of the online demographic form. Lucoff's cell phone number was not marked as a "required field" (signified by asterisks) on the demographic form, and the information auto-filled into the form could be edited or deleted. The only reason Navient had Lucoff's information in its records (to autofill portions of the form) is because Lucoff had previously provided it to Navient. Thus, the form was not misleading and Lucoff cannot now escape the consequences of submitting it.

Finally, Lucoff argues that this case "at the very least" presents genuine issues of material fact that preclude summary judgment. We disagree. All the facts material to determining whether Lucoff reconsented are undisputed.[11]

Lucoff argues that the jury is the proper body to apply the "knew or should have known" standard for revocation of consent. But binding precedent shows that TCPA consent issues are appropriate for summary judgment (and that a judge can

---

[11] It is undisputed that: (1) Lucoff submitted the demographic form *after* revoking his consent on the phone with the Navient representative, (2) Lucoff filled out the demographic form, saw his cell phone number on the form, and submitted the form containing the consent provision, and (3) Lucoff's cell phone number was auto filled into the form, could have been removed, and was not a required field.

13

apply the "knew or should have known" standard) when the underlying facts are not disputed. *Compare Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1126 (11th Cir. 2014) (holding that summary judgment was appropriate because there was no factual dispute over whether the plaintiff's wife provided his phone number on a hospital admission form), *with Osorio*, 746 F.3d at 1256 (holding that summary judgment was inappropriate because the plaintiff said he told the caller to "stop calling," and the caller said the plaintiff never said such a thing).

Lucoff relies on our TCPA consent decision in *Schweitzer* to support his position that a jury should resolve the reconsent issue. In *Schweitzer*, we found that a jury should determine whether the plaintiff's vague oral statement partially revoked consent to receive calls. 866 F.3d at 1278–80. But the reasoning in *Schweitzer* does not apply here because the language of the consent provision Lucoff submitted in the demographic form was not vague. Rather, the consent provision made clear that Lucoff, by submitting the form, "authorized" Navient and its affiliates to "contact [him on his] cellular phone using an automated dialing device, [and] prerecorded messages . . . ." Because this provision was unambiguous, a jury was not needed to determine whether Lucoff provided Navient with consent to contact him using an ATDS and prerecorded messages.

### IV. Conclusion

Because Lucoff reconsented to receive ATDS and prerecorded calls by submitting the online demographic form, we affirm the district court's grant of summary judgment to Navient and SAC.

**AFFIRMED.**